**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIANA MAYERS and SHANA KING, | Civil Action No. 13-6824 (JLL) (JAD) |
| Plaintiffs, | |
| v. | REPORT AND RECOMMENDATION |
| ATLANTA MARRIOTT HOTEL et al, | |
| Defendants. | |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court upon Plaintiffs Kiana Mayers and Shana King's failure to prosecute this case. After carefully considering the record, and for good cause shown; and

**WHEREAS** Plaintiffs commenced this action by filing a Complaint in this Court on November 10, 2013. (ECF No. 1); and

**WHEREAS** a telephone status conference was held on September 17, 2014, at which time Plaintiffs' Counsel advised the Court that he was unable to locate his clients; and

**WHEREAS** the Court scheduled another telephone status conference on November 21, 2014, (ECF No. 9), at which time Plaintiffs' Counsel informed the Court that he was still unable to locate his clients; and

**WHEREAS** this Court finds that Plaintiffs' Complaint is subject to sua sponte dismissal given Plaintiffs' protracted and ongoing failure to prosecute the case. Shipman v. Delaware, 381

1

F. App'x. 162, 164 (3d Cir. 2010) ("A District Court has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)."). This Court recognizes that, "[w]hen using dismissal as a sanction, a District Court is ordinarily required to consider and balance six factors enumerated in Poulis v. State Farm Fire & Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984). But when a litigant's conduct makes adjudication of the case impossible, such balancing under Poulis is unnecessary." Id. (affirming a District Court's dismissal without consideration of the Poulis factors where the plaintiff failed to engage in discovery and then failed to respond to the Court's request for an explanation regarding those discovery defaults); and

**WHEREAS** as a result of Counsel's inability to locate and communicate with his clients, Counsel, through no fault of his own, has been unable to meaningfully prosecute this matter; and

**WHEREAS** Plaintiffs have failed to establish good cause sufficient to justify prosecution of this case,

**IT IS** on this ___21___ day of November, 2014,

**RECOMMENDED** that Plaintiffs' Complaint be dismissed, without prejudice.

_____
JOSEPH A. DICKSON, U.S.M.J.

cc: Hon. Jose L. Linares, U.S.D.J.

2